UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANCOCK WHITNEY CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | |
| **JULIAN PAUL BOURGEOIS** | **NO.: 20-00028-BAJ-EWD** |

### ORDER

Before the Court is Defendant's **Motion to Dissolve, or Alternatively, Amend Temporary Restraining Order (Doc. 14).** Plaintiff has filed an opposition. For the reasons stated herein, Defendant's Motion is **DENIED**.

### I.   BACKGROUND

This is a dispute regarding a non-solicitation agreement between an employer and its former employee. On January 13, 2020, Plaintiff filed a Temporary Restraining Order (Doc. 2) against Defendant, asking the Court to enforce Defendant's contractual obligations under the Employee Confidentiality and Non-Solicitation Agreement ("Agreement"). Plaintiff alleges that Defendant signed the Agreement in 2012 when he worked for Plaintiff as a Senior Investment Consultant. Defendant terminated his employment with Plaintiff in December of 2019. After leaving his position with Plaintiff, Defendant commenced employment with LPL Financial LLC ("LPL"), a competing investment firm, as an investment advisor. Plaintiff alleges that Defendant then began to solicit Plaintiff's customers to purchase financial products offered by LPL in an effort to divert them from Hancock Whitney's

investment subsidiary. Plaintiff further alleges that as of the date of its TRO filing, Defendant diverted at least 25 customers who have transferred more than $6,500,000.00 in managed assets from Plaintiff to LPL Financial. Plaintiff asserts that Defendant did not cease solicitation of its customers, despite Plaintiff's demands.

On January 16, 2020, the Court granted the temporary restraining order ("TRO"). (Doc. 7). Defendant then filed the instant motion, primarily arguing that the Court lacked jurisdiction when granting the TRO. Defendant, a Louisiana citizen, argues that his former employer is not Plaintiff, but was Hancock Whitney Investment Services ("HWIS"), which is domiciled in Louisiana. For this reason, Defendant argues that there is no diversity jurisdiction; thus, the Court erroneously granted the TRO and it must be dissolved. Plaintiff, a domiciliary of Mississippi, argues that there is diversity jurisdiction here because HWIS is not a party in this action and is not an indispensable party that must be joined under Rule 19 of the Federal Rules of Civil Procedure. Plaintiff further argues that if the Court considers the citizenship of HWIS, it should conclude that it is domiciled in Mississippi. (Doc. 16). The Court conducted an evidentiary hearing on the citizenship of HWIS, during which testimony was presented and other evidence was admitted.

In the instant motion, Defendant presents secondary reasons for dissolution of the TRO. Defendant argues that Plaintiff failed to comply with Financial Industry Regulatory Authority's ("FINRA") arbitration requirements. Defendant further argues that the restrictive covenants within the Agreement are unenforceable and

that Plaintiff was never entitled to injunctive relief. A hearing was not conducted as to these two issues; thus, this ruling is restricted to the issue of jurisdiction.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over civil actions where the matter exceeds the value of $75,000 and is between citizens of different states. The citizenship of a party is generally determined by their domicile. See *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every state in which it is incorporated and the state where it has its principal place of business. Principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is also identified as the corporation's "nerve center." *Id.* "In practice, it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination." *Id* at 93.

## III. DISCUSSION

Defendant argues that the Court did not have jurisdiction to issue the temporary restraining order because of the lack of diversity between the parties. Defendant, a citizen of Louisiana, asserts that while Plaintiff Whitney Hancock Corporation may be a citizen of Mississippi, Defendant's actual employer, Hancock Whitney Investment Services ("HWIS"), is a citizen of Louisiana. Defendant argues that although HWIS is a wholly owned subsidiary of Plaintiff, its citizenship must be

3

considered. Defendant further argues that the main office for HWIS is located in New Orleans, its registration with the Louisiana Department of Insurance Producer Agency Detail for Investment Services reflects a New Orleans address, and the President and CEO of HWIS has an office in New Orleans. (Doc. 14-1 at pp. 4-5). Defendant asserts that Louisiana is the principal place of business and the nerve center for HWIS. (Id. at p. 5).

In its opposition to the instant motion, Plaintiff argues that although HWIS is its wholly owned subsidiary, a review of HWIS's citizenship is not necessary to determine whether the Court has jurisdiction because HWIS is not a party to this action. (Doc. 16 at p. 3). Plaintiff argues that as the entity named in Defendant's employment contract, it has the right to enforce the Agreement. (Id) Notwithstanding Plaintiff's argument, Plaintiff submitted evidence to establish HWIS's citizenship at the evidentiary hearing.

### A.    Evidentiary Hearing

James Fujinaga, President and CEO of HWIS, testified that although his office is in New Orleans, his supervisor, Executive Vice President of Hancock Whitney Corporation James Milton, is located in Houston, Texas. Fujinaga further testified that Milton reports to the Chief Operating Officer Shane Loper, who is located in Gulfport, Mississippi. Fujinaga testified that although some high-level executive corporate decisions are made by all three of them, Loper has decision-making authority over Milton and him. Fujinaga explained that decisions regarding recruiting, compensation, acquisitions, business planning, and budgeting are

ultimately made at Plaintiff's headquarters in Mississippi. Fujinaga also testified that HWIS does not have its own independent and autonomous human resources department, legal department, marketing department, and information technology department. Fujinaga testified that HWIS relies on Plaintiff for the services provided by these units, which are located in Mississippi. Fujinaga further explained that all decisions regarding legal action taken on behalf of HWIS are made by Plaintiff in Mississippi.

During the hearing, Plaintiff submitted a copy of its registration and HWIS's registration with the Louisiana Secretary of State, which reflected that the principal office for both entities is in Gulfport, Mississippi. (Exhibits P-1 and P-2). Plaintiff also submitted a copy of the articles of incorporation for HWIS, which states that the domicile is in Gulfport, Mississippi. (Exhibit P-4).

Defendant provided testimony to establish that HWIS, not Plaintiff, was his former employer. Defendant submitted two cease and desist letters from Plaintiff's counsel to support his testimony. (Exhibits D-2 and D-3). To prove HWIS's domicile, Defendant submitted two documents regarding HWIS's FINRA registration that provided a New Orleans address as the main office location. (Doc. 14, Exhibits 1-C and 1-D). Defendant also submitted a copy of Defendant's pay stub and a copy of HWIS's profile for the Louisiana Department of Insurance (LDI). Although the LDI profile had a New Orleans address for HWIS, Defendant's pay stub states that HWIS's address is in Mississippi. (Doc. 14, Exhibits 1-B and 1-E).

5

The Court finds that Plaintiff has submitted sufficient evidence to prove that its wholly owned subsidiary, HWIS, is domiciled in Mississippi. High-level decisions such as recruiting, compensation, budgeting, acquisition, and business planning for HWIS are made in Mississippi. The departments on which HWIS relies for daily operations such as the legal, human resources, marketing, and information technology, are based in Mississippi. COO Shane Loper, who approves all decisions made by HWIS CEO Fujinaga, is based in Mississippi, and the articles of incorporation reflect a Mississippi domicile for HWIS. Finally, the paychecks that were issued by HWIS to Defendant provide a Mississippi address, which shows that payroll decisions are made in Mississippi. Testimony and evidence establish that Plaintiff's headquarters in Mississippi is the center of direction, control, and coordination for HWIS. The Court finds that Mississippi is the place of incorporation and the nerve center for HWIS; therefore, HWIS's citizenship is diverse from that of Defendant. Jurisdiction is therefore proper pursuant to 28 U.S.C. § 1332. Thus, the TRO was validly issued by the Court.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion is **DENIED** as to the issue of jurisdiction only.

Baton Rouge, Louisiana, this 30th day of June, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**