UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HANCOCK WHITNEY CORPORATION | CIVIL ACTION |
| VERSUS | |
| JULIAN PAUL BOURGEOIS | NO.: 20-00028-BAJ-SDJ |

## ORDER

Before the Court is Plaintiff's **Motion to Review Magistrate Judge's Order Striking Plaintiff's Verified First Amended Complaint for Injunctive Relief. (Doc. 22)**. Plaintiff requests the Court to vacate the Magistrate Judge's Order (Doc. 21) because it is "clearly erroneous". (Doc. 22 at p. 1).

The original complaint in this matter was served on Defendant on January 14, 2020.  On February 7, 2020, Plaintiff filed its first amended complaint for injunctive relief. (Doc. 20). On February 11, 2020, the Magistrate Judge struck the amended complaint from the record because the filing failed to comply with Federal Rule of Civil Procedure 15(a), which permits an amendment to be filed within 21 days after service. (Doc. 21). The Magistrate Judge found that the time period set forth in Rule 15(a)(1) had expired by the time the amended complaint was filed, and it was not filed after a responsive pleading or motion listed in Rule 15(a)(1)(B). (Id.). The Magistrate Judge further found that the amended complaint failed to comply with Rule 15(a)(2), which requires a party seeking leave to amend a pleading to either obtain the consent of the parties or leave of Court. (Id.).

1

Plaintiff asserts that the original Complaint was filed on January 13, 2020 (Doc. 1). Plaintiff further asserts that Defendant obtained an extension of time to respond to the original Complaint by February 25, 2020. (See Docs. 9,10). Plaintiff argues that at the time it filed its first amended complaint, no responsive pleading or Rule 12 motion had been filed in response to the original Complaint; thus, Plaintiff was entitled to amend the original Complaint once under Rule 15(a)(1)(B). Plaintiff argues that 21-day deadline under Rule 15(a)(1)(B) for amending the complaint had not passed as of the date of its filing because Defendant had not filed a responsive pleading. (Doc. 22-1 at p. 3). Plaintiff further argues that Rule 15(a)(1) does not require that the first amended complaint be filed after the opposing party's responsive pleading. (Id.).

On January 21, 2020, Defendant was granted an extension of time, until February 25, 2020, to file a responsive pleading. On February 24, 2020, Defendant requested a second extension of time to file a responsive pleading. (Doc. 33). While this motion was pending before the Magistrate Judge, Defendant filed a Motion to Dismiss on March 9, 2020. (Doc. 45). This was the first responsive pleading filed by Defendant.

Under Rule 15(a)(1), a party may amend its pleading once, as a matter of course, (A) within 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier. Rule 15(a)(1)(A) sets a separate deadline from Rule 15(1)(a)(B); thus, if the Plaintiff

2

does not amend the complaint within 21 days of when it was served, Plaintiff deprives itself of the opportunity to do so, unless it obtains leave of court or unless Defendant files a responsive pleading, which would then trigger another 21-day period for Plaintiff to amend the Complaint. Plaintiff's interpretation of Rule 15(a)(B), that even if the first 21-day period under Rule 15(a)(1)(A) has passed Plaintiff may still amend the pleading up until 21 days after service of the responsive pleading, is incorrect and would result in the circumvention of the deadline enshrined in Rule 15(a)(1)(A). Plaintiff's deadline to amend its Complaint was on February 4, 2020. Since Defendant's motion was a responsive pleading, under Rule 15 (a)(1)(B), a renewal of the 21-day period permitting Plaintiff to amend its complaint began on March 9, 2020.

The Court finds that the Magistrate Judge was correct in finding that the time period under Rule 15(a)(1)(A) had expired, and that Plaintiff's February 7, 2020 filing did not comply with Rule 15(a)(1)(B), because the responsive pleading had not yet been filed. The time periods for Plaintiff to amend its complaint under Rule 15(a)(1)(A) and (B) have expired; therefore, Plaintiff must file its amended complaint in compliance with Rule 15(a)(2). The Magistrate Judge's Order will not be disturbed.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion (Doc. 22)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must file its amended complaint

on or before fourteen days from the date of this Order.


Baton Rouge, Louisiana, this 23rd day of July, 2020


**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**